IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KYEANN SAYER | ) | CV No. 23-00600 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY OF HAWAII AT | ) | |
| MANOA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT UNIVERSITY OF HAWAII AT MANOA'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 14)**

**AND**

**DENYING PLAINTIFF KYEANN SAYER'S MOTION TO AMEND COMPLAINT (ECF
No. 17)**

Plaintiff Kyeann Sayer, a former Ph.D student in the History
Department at the University of Hawaii at Manoa, has filed a
Complaint naming the University of Hawaii at Manoa as the
Defendant.  Plaintiff asserts state law claims against the
University arising from her time as a Ph.D student and her
subsequent dismissal from the University.

Plaintiff's state law claims against the University are
barred by the Eleventh Amendment of the United States
Constitution.  Plaintiff's state law claims belong in state
court.

Defendant University of Hawaii at Manoa's Motion to Dismiss
Plaintiff's Complaint (ECF No. 14) is **GRANTED.**

In response to Defendant's Motion to Dismiss, Plaintiff filed a motion for leave to amend her Complaint to add new defendants.  Plaintiff's Motion states she seeks to add a number of entities that appear related to or are in some manner a part of the University of Hawaii.

Plaintiff's Motion to add defendants fails.  Plaintiff's Motion does not establish how the proposed defendants are related to Plaintiff's claims.  Plaintiff's claims against new defendants must be filed in a separate complaint.  Plaintiff also did not attach a proposed amended complaint to her Motion pursuant to Hawaii Local Rule 10.4.

Plaintiff's Motion to Amend Complaint (ECF No. 17) is **DENIED.**

## PROCEDURAL HISTORY

On December 15, 2023, Plaintiff Kyeann Sayer filed a COMPLAINT.  (ECF No. 1).

On December 15, 2023, the District Court issued a Deficiency Order granting Plaintiff 28 days to pay the required filing fee or submit an application to proceed *in forma pauperis*.  (ECF No. 2).

On December 18, 2023, Plaintiff paid the filing fee.  (ECF No. 6).

On March 25, 2024, the University of Hawaii at Manoa filed a MOTION TO DISMISS PLAINTIFF'S COMPLAINT.  (ECF No. 14).

On March 28, 2024, the Court issued a briefing schedule as to Defendant's Motion to Dismiss.  (ECF No. 15).

On April 14, 2024, Plaintiff filed a MOTION TO AMEND COMPLAINT.  (ECF No. 17).

On April 16, 2024, the Court issued a briefing schedule as to Plaintiff's Motion to Amend Complaint.  (ECF No. 18).

On the same day, Plaintiff filed an OPPOSITION to Defendant's Motion to Dismiss.  (ECF No. 19).

On May 2, 2024, Defendant filed a REPLY in support of its Motion to Dismiss.  (ECF No. 20).

On the same day, Defendant filed an OPPOSITION to Plaintiff's Motion to Amend Complaint.  (ECF No. 21).

On May 8, 2024, Plaintiff filed a REPLY in support of her Motion to Amend Complaint.  (ECF No. 22).

The Court elected to decide Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 15; ECF No. 18).

**BACKGROUND**

Plaintiff Kyeann Sayer asserts she is a former Ph.D student in the History Department at the University of Hawaii at Manoa ("University").  (Cmplt. at 5, ECF No. 1).

Plaintiff claims she entered the University Program in the Fall of 2015.  (Id.)

3

Plaintiff alleges she was dismissed from the University in December 2019.  (<u>Id</u>.)

The University is an institution of the State of Hawaii.

Plaintiff seeks damages for alleged mistreatment and subsequent dismissal from the Ph.D program in the History Department.  (<u>Id</u>. at 10.)

<strong>STANDARD OF REVIEW</strong>

**Rule 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), a case must be dismissed for lack of subject-matter jurisdiction where there is no constitutional or statutory basis for the Court to adjudicate the matter.  Fed. R. Civ. P. 12(b)(1); <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969, 975 (9th Cir. 2012).

Subject-matter jurisdiction can be challenged facially or factually.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  <u>Id</u>.  A factual challenge "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  <u>Id</u>.

The Defendant University of Hawaii asserts a facial challenge.  In a facial challenge, the allegations contained in the pleading are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor.  <u>See</u>, <u>e.g.</u>, <u>Leite v. Crane</u>

4

<u>Co.</u>, 749 F.3d 1117, 1121 (9th Cir. 2014).

**Rule 15(a)**

    Fed. R. Civ. P. 15(a) governs amendments to pleadings before trial.  Rule 15(a)(2) provides that a party may amend a pleading by leave of court or the consent of the opposing party.

    The District Court has discretion over the grant or denial of a motion for leave to amend a pleading.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>In re Morris</u>, 363 F.3d 891, 894 (9th Cir. 2004).  Leave shall be freely given when justice so requires. Fed. R. Civ. P 15(a)(2).

    Five factors are considered when evaluating leave to amend a pleading:  bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended the complaint. <u>See</u> <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004); <u>In re Morris</u>, 363 F.3d at 894.  Futility is a sufficient basis to deny a motion for leave to amend.  <u>Johnson</u>, 356 F.3d at 1077; <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).

**ANALYSIS**

    Plaintiff's Complaint names the University of Hawaii at Manoa as the sole Defendant.

    The Complaint asserts four causes of action arising under state law:  Claim I - breach of contract; Claim II - false

5

advertising pursuant to HRS §708-871; Claim III - deceptive trade

practices pursuant to HRS §481A-3(7-9); and Claim IV - breach of

the covenant of good faith and fair dealing pursuant to HRS

§490:1-304.  (Cmplt. at 5-9, ECF No. 1).

I.   **Plaintiff's Complaint Against The University Is Barred By
     The Eleventh Amendment**

 The doctrine of sovereign immunity is set out in the

Eleventh Amendment of the United States Constitution:

> "The Judicial power of the United States shall not be
> construed to extend to any suit in law or equity, commenced
> or prosecuted against one of the United States by Citizens
> of another State, or by Citizens or Subjects of any Foreign
> State."

U.S. Const. amend. XI.

The Eleventh Amendment provides States cannot be sued in

federal court by their own citizens or citizens of another State.

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100

(1984).  The Eleventh Amendment bars suits against States as well

as State agencies or instrumentalities.  Id.; Los Angeles County

Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).  The Eleventh

Amendment applies to claims brought in federal court pursuant to

state law as well as federal law.  See Pennhurst, 465 U.S. 89 at

106, 121; Sherez v. State of Hawai'i Dep't of Educ., 396 F. Supp.

2d 1138, 1144-45 (D. Haw. 2005).

Defendant University is an agency of the State of Hawaii.

See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1220-21 (D. Haw.

2001), aff'd, 85 F. App'x 631 (9th Cir. 2004); <u>Oyama v. Univ. of</u> <u>Hawaii</u>, No. CIV. 12-00137 HG-BMK, 2013 WL 1767710, at *6 (D. Haw. Apr. 23, 2013), aff'd, 813 F.3d 850 (9th Cir. 2015). Plaintiff's state law claims against the University are barred by the Eleventh Amendment.

The State of Hawaii has not unequivocally consented to suit. <u>See</u> <u>Pennhurst</u>, 465 U.S. at 99; <u>Eu</u>, 979 F.2d 697 at 704. Congress has not abrogated sovereign immunity as to the claims here. <u>Pennhurst</u>, 465 U.S. at 99; <u>Alaska v. EEOC</u>, 564 F.3d 1062, 1066 (9th Cir. 2009). The State of Hawaii has not waived sovereign immunity in federal court as to Plaintiff's state law claims. <u>See</u> <u>Lindsey v. Matayoshi</u>, 950 F. Supp. 2d 1159, 1171-72 (D. Haw. 2013). There is no exception to Eleventh Amendment immunity present in this case.

Sovereign immunity pursuant to the Eleventh Amendment bars Plaintiff's state law claims.

Plaintiff may elect to file a complaint in Hawaii state court. The Eleventh Amendment does not apply in state court proceedings.

## II. Plaintiff's Motion to Amend Fails

While Defendant's Motion to Dismiss was pending, Plaintiff moved to amend her Complaint to add additional defendants that appear related to or may be a part of the University of Hawaii. (ECF No. 17).

Plaintiff's Motion to add new defendants does not provide any basis for their liability.  See Sepehry-Fard v. MB Fin. Servs., 2014 WL 122436, at *5 (N.D. Cal. Jan. 13, 2014); Winsor v. Sequoia Benefits & Ins. Servs., LLC, 62 F.4th 517, 523, 525 (9th Cir. 2023).  Plaintiff must bring any new claims against new defendants in a separate lawsuit.  See Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Gilliam v. Watanabe, No. CV 20-00201 JMS-RT, 2020 WL 5223778, at *5 n.6 (D. Haw. Sept. 1, 2020).

Plaintiff's Motion to Amend also does not comply with the Local Rules for the District of Hawaii.  Plaintiff did not attach a proposed amended complaint to her Motion to Amend.  Pursuant to Local Rule 10.4, when filing a motion to amend a pleading, Plaintiff must attach a proposed amended complaint that clearly identifies any changes to the original complaint.  Although Plaintiff is proceeding pro se, she must nonetheless comply with all Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  See, e.g., Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 14) is **GRANTED**.

Plaintiff's Motion to Amend Complaint (ECF No. 17) is

**DENIED.**

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is **ORDERED** to **CLOSE THE CASE.**


IT IS SO ORDERED.

Dated: June 14, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

KYEANN SAYER v. UNIVERSITY OF HAWAII AT MANOA, Civ. No. 23-00600-HG-RT **ORDER GRANTING DEFENDANT UNIVERSITY OF HAWAII AT MANOA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 14) AND DENYING PLAINTIFF KYEANN SAYER'S MOTION TO AMEND COMPLAINT (ECF No. 17)**

9